

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 27, 1963

Honorable John Connally
Governor of Texas
Austin, Texas

Dear Governor Connally:

Opinion No. C- 103

Re: Residency requirements of
Judicial Officers of the
Twelfth and Thirteenth
Supreme Judicial District.

This is to acknowledge receipt of your opinion request
dated June 24, 1963, from which we quote:

"House Bill 68, Chapter 198, Acts of the Fifty-
Eighth Legislature creates two new Courts of Civil
Appeals effective September 1, 1963, to be located
at Tyler and Corpus Christi. Sections 4 and 5 of
the Bill provide that the Governor shall appoint
the chief justice and two associate justices for
each district 'who shall reside in the territorial
limits of the ⟨particular Supreme Judicial District⟩
and who shall possess the qualifications now re-
quired by law.'

"Will you please advise me what constitutes com-
pliance with the residence requirement for these
judicial offices? Does the appointee have to be a
resident of the district at the time of appointment;
and, if so, is any particular length of residency
required?"

The language of Sections 4 and 5 of House Bill 68, Chapter
198, Acts of the 58th Legislature, Regular Session, 1963, read in
part as follows:

"Sec. 4. On or before September 1, 1963, the
Governor shall by and with the consent of the Senate,
if in session, appoint one chief and two (2) associate
justices for the Twelfth Supreme Judicial District, who
shall each reside in the territorial limits of the
Twelfth Supreme Judicial District, and who shall possess

the qualifications now required by law, who shall cons-
titute the Court of Civil Appeals within and for the
Twelfth Supreme Judicial District,. . ."(Emphasis
added).

"Sec. 5. On or before September 1, 1963, the
Governor shall by and with the consent of the Senate,
if in session, appoint one chief and two (2) associate
justices for the Thirteenth Supreme Judicial District,
who shall each reside in the territorial limits of the
Thirteenth Supreme Judicial District, and who shall
possess the qualifications now required by law, who
shall constitute the Court of Civil Appeals within
and for the Thirteenth Supreme Judicial District,
. . ." (Emphasis added).

The appointees are thus required to be residents of the district at
the time of their qualification for office. There are no constitu-
tional or statutory provisions which would require a person to be a
resident of the district prior to his appointment.

You are therefore advised that a person would not have to
reside in the territorial limits of the Twelfth Supreme Judicial
District or the Thirteenth Supreme Judicial District at the time
of his appointment, but must reside therein at the time of his
qualifying for the office.

Residency at the time of qualification for office is a
question of fact dependent upon the physical location of the indi-
vidual coupled with his acts and intentions. Attorney General's
Opinion No. W-3382 (1941).

### S U M M A R Y

Judicial officers for the Twelfth and Thirteenth
Supreme Judicial Districts appointed by the Governor
under the terms of Chapter 198, Acts of the 58th Legis-
lature, Regular Session, 1963, must reside within their
respective district at the time of their qualification
for office, but do not have to reside therein at the
time of the appointment.

Yours very truly,

WAGGONER CARR
Attorney General

Jerry Brock
Assistant

JB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Ben Harrison
J. S. Bracewell
Howard Fender

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone